# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER SHEPHERD | Case No. **19 5157** |
| v. | |
| HTD CONSULTING, LLC d/b/a SCHOOL OF ROCK; and HENRY T. DAVIS; and DENIZ DAVIS; and JOHN and/or JANE DOE | JURY TRIAL DEMANDED |

## COMPLAINT IN CIVIL ACTION

COMES NOW, the Plaintiff, CHRISTOPHER SHEPHERD, by and through his attorneys, WATSON & ALLARD, PC, ROSS S. ENDERS, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

### JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiff's rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

4. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Eastern District of Pennsylvania and the Plaintiff resides in the Eastern District of Pennsylvania.

## PARTIES

5. Plaintiff, Christopher Shepherd, is an adult individual who resides in Bucks County, Pennsylvania.

6. Defendant, HTD Consulting, LLC, d/b/a School of Rock ("School of Rock"), is a Colorado limited liability company located in Boulder, Colorado. At all times relevant hereto, HTD Consulting, LLC was acting through its owner, partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their respective agency, office, employment or assignment.

7. Defendant, Henry T. Davis, is the owner of HTD Consulting, LLC and resides in Colorado.

8. Defendant, Deniz Davis, is the General Manager of School of Rock and resides in Colorado.

9. Defendant(s), John and/or Jane Doe, unknown in name and number, were at all times relevant to this Complaint employees of HTD Consulting, LLC d/b/a School of Rock with access to confidential personnel information. Plaintiff believes, and therefore avers, that these Defendant(s) participated in the illegal acts described hereinafter below by knowingly providing false information regarding the Plaintiff on Commonwealth of Pennsylvania Sexual Misconduct/Abuse Disclosure Release forms under Act 168 of the Public School Code.

## FACTUAL ALLEGATIONS

10. Plaintiff was employed with School of Rock from in or about December 2011 to February 2015. During his tenure he held the following titles: Head Music Director, Guitar Instructor, and General Manager.

11. On or about November 2014, Mr. Shepherd approached management of the School of Rock, including Henry T. Davis, regarding outstanding bonus monies owed him per their employment contract.

12. Defendant terminated Mr. Shepherd's employment on February 9, 2015. The reasons for the termination were set forth in an "Employment Termination Settlement Agreement." *See* Exhibit A.

13. Sexual misconduct and/or abuse was not one of the reasons set forth by defendants as a cause for the termination of Plaintiff's employment.

14. Plaintiff was not investigated for, or found guilty of, child abuse as defined under Pennsylvania's Child Protective Services Law, 23 Pa.C.S. § 6301.

15. Plaintiff instituted legal action against School of Rock to recover outstanding money owed to Plaintiff.

16. In or about November 2015, Plaintiff and School of Rock resolved the aforementioned legal action.

17. Since Plaintiff's termination, he has applied for positions with various school districts. All of which required the completion of a Commonwealth of Pennsylvania Sexual Misconduct/Abuse Disclosure Release form under Act 168 of the Public School Code ("Act 168 Form").

18. The Act 168 Form includes two sections, one to be completed by the applicant and one to be completed by former employers. Both sections contain the question, has the applicant"[b]een subject of an abuse or sexual misconduct investigation by any employer, state licensing agency, law enforcement agency or child protective services agency (unless the investigation resulted in a finding that the allegations were false)?"

19. On each of the Act 168 Forms completed by the Plaintiff for the positions described in Paragraph 18 above, Plaintiff has answered "No" in response to the aforementioned question.

20. Plaintiff believes, and therefore avers, that Henry T. Davis, Deniz Davis, and/or Defendants John and/or Jane Doe, employees of School of Rock, have answered the question in the affirmative, effectively purporting to prospective employers that Plaintiff has been the subject of an abuse or sexual misconduct investigation.

21. This assertion is materially and patently false, as Plaintiff has never been the subject of an abuse or sexual misconduct investigation or found guilty of child abuse or sexual misconduct.

22. Moreover, because there is no distinction between abuse and sexual misconduct on the Act 168 Form, prospective employers could reasonably believe that Plaintiff is guilty of either child abuse, sexual misconduct towards a child, or both.

23. Plaintiff believes that the Defendants have acted intentionally and knowingly in providing a false answer to the question of whether Plaintiff has been the subject of an abuse or sexual misconduct investigation.

24. Plaintiff further believes that the Defendants knew or should have known that their aforementioned conduct would result in Plaintiff being unable to pursue an occupation as a teacher.

25. As a result of the Defendants' intentional conduct, Plaintiff has been unable to obtain a position in which an Act 168 Form is required, and Plaintiff has suffered personal humiliation and irreparable harm to his reputation.

26. As of December 14, 2014, Act 168 forms are required for every school entity in Pennsylvania hiring an applicant for a position who will have direct contact with children. Therefore, due to the Defendants' misrepresentation on the Act 168 form, Plaintiff is unable to obtain a position at any school entity in the state of Pennsylvania and, therefore, has been and continues to be deprived of his right to pursue an occupation as a teacher.

27. Additionally, Plaintiff has been forced to avoid applying for positions with other schools in order to prevent further damage to his reputation by the Defendants.

28. Plaintiff is otherwise qualified for the positions that he applied for hereinbefore mentioned in Paragraph 18, as he maintains all requisite certificates and is able to provide unblemished Pennsylvania and FBI criminal background checks and Pennsylvania Child Abuse Clearance history.

## COUNT I
## PLAINTIFF v. ALL DEFENDANTS
## VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, § 1983 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION
## SUBSTANTIVE DUE PROCESS

29. Plaintiff hereby incorporates the above paragraphs as though the same were fully set forth at length herein.

30. The actions of the Defendants constitute a violation of the Plaintiff's rights under U.S.C. § 1983, as well as a violation of Plaintiff's right to due process under the Fourteenth Amendment of the United States Constitution.

31. The Defendants have intentionally and knowingly disseminated false information to prospective employers of the Plaintiff that Plaintiff has been the subject of an abuse or sexual misconduct investigation.

32. The conduct of the Defendants has directly resulted in Plaintiff being unable to obtain a position in which an Act 168 Form is required, as well as personal humiliation and irreparable harm to Plaintiff's reputation.

33. Because Act 168 forms are required for every school entity in Pennsylvania, Plaintiff has been and continues to be deprived of his right to pursue an occupation as a teacher by the Defendants.

34. The false assertion by the Defendants that the Plaintiff has been the subject of an abuse or sexual misconduct investigation has placed a stigma on Plaintiff's reputation.

35. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants, Plaintiff suffered the following injuries and damages:

    a. Plaintiff's right under the Fourteenth Amendment to the United States Constitution were violated; and

    b. Plaintiff suffered irreparable damage to his reputation; and

    c. Plaintiff suffered economic damages related to any and all consequential costs; and

    d. Plaintiff suffered severe emotional distress.

### COUNT II
### PLAINTIFF v. ALL DEFENDANTS
### DEFAMATION - LIBEL

36. Plaintiff hereby incorporates the above paragraphs as though the same were fully set forth at length herein.

37. Defendants, Henry T. Davis, Deniz Davis, and/or Defendants John and/or Jane Doe, employees of School of Rock, wantonly and deliberately published statements of and

concerning Plaintiff in the form of false answers to questions in Section 2 of the Sexual Misconduct/Abuse Form sent to Defendants which were false and defamatory as a matter of law.

38. The false and defamatory statements constitute libel *per se*, and are not subject to any privilege, conditional or otherwise.

39. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants, Plaintiff suffered the following injuries and damages:

    a. Plaintiff suffered irreparable damage to his reputation; and

    b. Plaintiff suffered economic damages related to any and all consequential costs; and

    c. Plaintiff suffered severe emotional distress.

## COUNT II
## PLAINTIFF v. ALL DEFENDANTS
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

40. Plaintiff hereby incorporates the above paragraphs as though the same were fully set forth at length herein.

41. Plaintiff wished to enter into a contractual employment relationship with ESS, and would have been consummated if not for the Defendants' acts and omissions alleged herein, none of which were privileged or justified.

42. Plaintiff further believes, and therefore avers, that the acts and omissions alleged herein may have been motivated in whole or in part by the Defendants' desire to retaliate against him for bringing a previous aforesaid action against them.

43. To the extent the acts of Defendants were undertaken with the intent or purpose to interfere with Plaintiff's employment by ESS, then such conduct constitutes the tort of

intentional interference with prospective contractual relations, and the defendants are liable for damages, and punitive damages therefore.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre and post judgment interest as permitted by law; punitive damages against Henry T. Davis, Deniz Davis, and John and/or Jane Doe; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

       JURY TRIAL DEMANDED

Respectfully submitted,

WATSON & ALLARD, P.C.

_____
Ross S. Enders, Esq.
PA ID Number 89840
WATSON & ALLARD, P.C.
24 Regency Plaza
Glen Mills, PA 19342
610-358-9600
*Counsel for Plaintiff*

Date: October 22, 2019